HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILLY LYONS,

        Plaintiff,

v.

PACIFIC COUNTY CLERK AND ADMINISTRATOR,

        Defendant.

CASE NO. C17-5335RBL

ORDER

[Dkt. #s 36 and 39]

THIS MATTER is before the Court on Plaintiff Lyons' Motion for Reconsideration [Dkt. #36] of the Court's Order [Dkt. #33] denying Plaintiff's Motion for the Denial of the Letter of July 14, 2011 [Dkt. #26]; and granting Defendants' Motion to Dismiss for Failure to State a Claim [Dkt. #29]; and on Defendant Blauvelt's Motion to Dismiss [Dkt. #39].

Blauvelt (an attorney) represented Lyons' opponent (Taft) in the 2012 Pacific County litigation that led to this case. Lyons lost. He did not appeal. Instead, he sued his own attorneys, the County administrator, and his opponent's attorney for a variety of claimed misdeeds. *See Lyons v Pacific County Administrator*, *et al.*, Cause No. 16-cv-5256RBL.

This Court dismissed Lyons' claims against his own attorneys (Williams and Doumit) [Dkt. #35 in that case] and then his claims against the Pacific County Administrator [Dkt. #54 in

ORDER - 1

that case]. Lyons (twice) prematurely appealed the dismissal of his claims against his attorneys, and each time the Ninth Circuit dismissed the appeal because the orders were not final. [*See* Dkt. #s 47 and 60 in the 2016 case]. The Orders were not appealable because Lyons' claims against Blauvelt had not been adjudicated.

Six months ago, Lyons sued the same parties, asserting the same claims, in this second federal case. The Court has already dismissed Lyons' claims against Williams and Pacific County [Dkt. #18], and Doumit [Dkt. #33], on *res judicata* grounds. Lyons has appealed [*See* Dkt. #37] at least one of this Court's prior Orders, which limits the Court's ability to grant the current pending motions:

After an appeal, a District Court's ability to act on a matter is limited. The Rules do permit a district court to defer or deny a post-appeal motion, or to make indicative rulings, subject to a limited remand from the appellate court:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> **(1)** defer considering the motion;
>
> **(2)** deny the motion; or
>
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> **(b) Notice to the Court of Appeals.** The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

Fed R. Civ. P. 62.1; see also F.R.A.P. 12.1.

Lyons' Motions for Reconsideration are **DENIED**, for the reasons articulated in Court's prior Orders [*See* Dkt. #33].

Defendant Blauvelt has now moved for dismissal of Lyons' claims against him in this case (and in the prior one). Blauvelt argues[1] that Lyons has pled not and cannot plead a plausible claim against him as the attorney representing Lyons opponent in litigation. Lyons has not responded to the motion.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other

---

[1] Blauvelt also argues that the Court does not have jurisdiction over the case because, once the federal claims are dismissed, there is no remaining jurisdictional "hook" over the claims because the parties are not diverse. But the Court has jurisdiction over Lyons' state law claims under 28 U.S.C. §1367, and it is a matter of the Court's discretion whether to exercise supplemental jurisdiction over those claims after the federal claims are dismissed. The Court will not decline to exercise its jurisdiction, as doing so would plainly require dismissal *without* prejudice.

complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id*.

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.") On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Blauvelt argues that Lyons' constitutional (§1983) claims against him are not plausible and cannot be cured, because he is not a state actor; he was instead a private attorney representing his client.

A plaintiff cannot assert a 42 U.S.C. § 1983 claim for violation of constitutional rights against a defendant who is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This determination is made using a two-part test: (1) "the deprivation must . . . be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a *governmental actor*." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added).

Because Blauvelt is not a state actor, he cannot, as a matter of law, infringe upon Lyons' constitutional rights. Lyons' §1983 claims are fatally flawed and the flaw cannot be cured by amendment.

Blauvelt also seeks dismissal of Lyons' (vague) state law claims, pointing to consistent and persuasive (if non-binding) authority from other jurisdictions holding that one cannot sue his opponents' attorney because he lost at trial. *See* cases discussed at Dkt. # 39, pp. 4-5.

This is the rule in Washington, too. If opposing counsel suborns perjury, he may be subject to criminal prosecution (but not to a civil action by the losing party). *See W. G. Platts, Inc. v. Platts*, 73 Wn.2d 434, 440, 438 P.2d 867, 871 (1968). And an attorney obviously has obligations to his client and his opponent (and the Court) under the Rules of Professional Conduct, but violations of those do not give rise to a private civil claim by his client's adversary. Instead, the exclusive remedy is disciplinary action by the bar. *See Hizey v. Carpenter*, 119 Wn.2d 251, 259, 830 P.2d 646, 650–51 (1992) (a "breach of an ethics rule provides only a public, *e.g.,* disciplinary, remedy and not a private remedy").

| | |
|---|---|
| 1 | Lyons' claims against Blauvelt are not clear. He complains only that Blauvelt "refused" |
| 2 | to finalize his client's victory in Pacific County, "blocking" Lyons from the court of appeals. |
| 3 | [Dkt. #1 at 2]. But his claim is in effect an attempt to appeal that result to this court. |
| 4 | This Court cannot and will not review or reverse decisions made in state court. The |
| 5 | *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries |
| 6 | caused by state-court judgments . . . and inviting district court review and rejection of those |
| 7 | judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, |
| 8 | 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal |
| 9 | district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and |
| 10 | seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* |
| 11 | appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, |
| 12 | 1050 (9th Cir. 2008). |
| 13 | In any event, Lyons has not pled and cannot plead a viable, plausible claim against |
| 14 | Blauvelt based on his successful representation of Lyons' opponent five years ago. |
| 15 | If the Ninth Circuit remanded this case for the limited purpose of granting Blauvelt's |
| 16 | Motion to Dismiss Lyons' constitutional and state law claims against him, it would do so, with |
| 17 | prejudice and without leave to amend. |
| 18 | IT IS SO ORDERED. |
| 19 | Dated this 14th day of November, 2017. |
| 20 | |
| 21 | |
| 22 | Ronald B. Leighton<br>United States District Judge |
| 23 | |
| 24 | |